**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**DANIEL F. BROWN,**
Plaintiff,

v. 2:26-cv-1608-SPC-NPM

**AIRBNB INC.,**
Defendant.

---

## ORDER COMPELLING ARBITRATION

This action concerns plaintiff Daniel F. Brown's account removal from defendant Airbnb's online platform on April 22, 2026, due to "violation of Airbnb's policy on illegal and prohibited activities, specifically related to sex work." (Doc. 18 at 2). Stemming from Airbnb's review and the termination of his account, Brown asserts nine claims against Airbnb, including defamation, breach of contract, and invasion of privacy. (Doc. 18).

On his initial registration for Airbnb's services, Brown signed an arbitration agreement with Airbnb. That agreement reads:

> Agreement to Arbitrate; Delegation. [Brown] and Airbnb mutually agree that any dispute, claim or controversy arising out of or relating to these Terms or the applicability, breach, termination, validity, enforcement or interpretation thereof, or any use of the Airbnb Platform, Host Services, or any Content (collectively, "Disputes") will be settled by binding arbitration on an individual basis (the "Arbitration Agreement"). If there is a dispute about whether this Arbitration Agreement can be enforced or applies to a Dispute, [Brown] and Airbnb agree that the arbitrator will decide that issue. For the avoidance of doubt, [Brown] and Airbnb agree that any question regarding arbitrability and the formation, enforceability, validity, scope, or interpretation of all or part of this Section 23, including any dispute of

> compliance with the Pre-Dispute Notice requirement and a party's responsibility to pay arbitration fees, shall be resolved exclusively by an arbitrator.

(Doc. 21 at 5). Airbnb now moves to compel arbitration and stay proceedings, which Brown opposes. (Docs. 21, 25).

The FAA guarantees that an arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Roberts v. Wells Fargo Clearing Services, LLC*, No. 22-11049, 2022 WL 16826715, *3 (11th Cir. Nov. 9, 2022) (quoting 9 U.S.C. § 2). "[T]he role of the [district] courts is to rigorously enforce agreements to arbitrate." *Id*. (quoting *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1366 (11th Cir. 2008)). Essentially, "the Act leaves no room for discretion . . . but instead mandates district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

Brown does not contest the overall validity of the arbitration agreement; instead, he argues arbitration is not mandatory. In particular, Brown contends that the arbitration requirement is waived through the Ending Forced Arbitration Act (EFAA). The EFAA invalidates otherwise valid arbitration agreements when a claim is "relate[d] to [a] sexual assault dispute or [a] sexual harassment dispute." 9 U.S.C.

§ 402.[1] For the EFAA to apply and invalidate the arbitration agreement, Brown must show (1) that the alleged sexual harassment ***relates*** to this dispute and (2) that the sexual harassment allegation could plausibly violate Federal, Tribal, or State law. 9 U.S.C. § 402 (emphasis added); *see Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024) (setting a standard of a nonfrivolous claim for a sexual harassment assertion to validly assert the EFAA claim). *But see Mitchell v. Raymond James and Assocs., Inc.*, No. 8:23-cv-2341-VMC-TGW, 2024 WL 4486565, *6 (M.D. Fla. Aug. 23, 2024) (instead finding that the sexual harassment claim must survive a 12(b)(6) motion to dismiss standard for the EFAA to apply).

Brown argues that there are two instances of sexual harassment that relate to the present dispute. First, Brown alleges that a camera on the exterior of an Airbnb rental property he rented was directed toward a window of the property, capturing images of him unclothed. (Doc. 25 at 4-5). Second, Brown alleges an Airbnb host made unprompted sexual comments to him. (Doc. 25 at 5-6). Neither instance triggers the EFAA because they do not relate to the dispute. *See* 9 U.S.C. § 402.

Indeed, none of his nine claims establish a cause of action directly related to either alleged incident of third-party sexual harassment (which Brown himself does

[1] While this arbitration agreement includes an arbitrability clause—stating that an arbitrator will decide any disputes on the applicability of the agreement—the EFAA provides that "the validity and enforceability of an agreement to which [the EFAA] applies shall be determined by a court, rather than an arbitrator." 9 U.S.C. § 402 Therefore, this court, rather than an arbitrator, must determine the applicability of the EFAA to this dispute.

not impute to Airbnb). Each claim instead relates directly to Airbnb's own conduct in reviewing and terminating Brown's account. (Doc. 18 at 43-64). Brown asserts that the hosts' complaints regarding his stay—which Airbnb may have considered in terminating Brown's account—were retaliation for his own complaints to Airbnb regarding the hosts' alleged sexual harassment. (Doc. 32 at 7). This is insufficient, however, as the alleged incidents of sexual harassment must relate to the dispute itself in a meaningful way. *See Doe (J.K.) v. Celebrity Cruises, Inc.*, 792 F. Supp. 3d 1371, 1380 (S.D. Fla. 2025) (noting that the EFAA's "relatedness requirement . . . is that a sexual harassment dispute must *include* or *relate* to nonconsensual sexual acts or contact"); *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74 (2d Cir. 2024) (finding EFAA did invalidate an arbitration agreement in a retaliation-based hostile work environment claim because the retaliation was in response to plaintiff's complaints of sexual harassment by coworkers). The fact that Airbnb may have considered the complaints from each host in its decision to terminate Brown's account is far too attenuated to establish the relation necessary to invoke the EFAA.

Alternatively, Brown alleges the EFAA is triggered because Airbnb accused Brown of engaging in sex work in its notice terminating his account. Brown does not claim that Airbnb's action was sexual harassment (or assault); rather, he asserts that the notice demonstrates a "sexual character to the dispute," thus invoking the

EFAA. (Doc. 25 at 9). This argument is unpersuasive. A vague reference to "sexual character" alone does not invoke the EFAA.

Lastly, Brown argues that the parties' arbitration agreement itself exempts his claims from any arbitration obligation. (Doc. 38 at 1). By Brown's own admission, however, the agreement only excludes "sexual-harassment ***claims***." (Doc. 38 at 2 (emphasis added)). Because none of the nine claims Plaintiff raises in his amended complaint involve sexual harassment, this ground for avoiding arbitration also fails. (Doc. 18 at 43-64).

Airbnb's motion (Doc. 21) is **GRANTED**. Brown's motion for an evidentiary hearing (Doc. 27) is **DENIED** as moot. Pursuant to the Federal Arbitration Act, this case is **STAYED** pending arbitration of this action. 9 U.S.C § 3. By **October 19, 2026**, Brown must submit an arbitration demand to the American Arbitration Association in accordance with the AAA's Consumer Arbitration Rules, and he must contemporaneously send a copy of the demand to Airbnb by mailing it to Airbnb's agent for service: **CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833**.

The parties must file a joint status report by the **first business day of January 2027** and **quarterly** thereafter. Should the parties seek a court order affirming the arbitration award, either party may move for such relief within one year of the award. 9 U.S.C. § 9. A motion to vacate or modify the arbitration award must be filed and

served on the adverse party within three months of the award's issuance. 9 U.S.C. § 12. And any motion to confirm, modify, or correct the arbitration award must include the appropriate papers. 9 U.S.C. § 13.

**ORDERED** on October 5, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge